**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS EL BEY CARLOS LAMON,

    Plaintiff,

v.                                                  Case No. 3:20-cv-127-J-20JRK

SGT. ARCHIE CREWS,

    Defendant.

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 5), filed March 2, 2020, that the Court construes as an Amended Motion to Proceed In Forma Pauperis ("Amended Motion"). Upon review of the file, the undersigned recommends that the Amended Motion be denied and the case be dismissed for failure to prosecute.

Plaintiff commenced this action on February 10, 2020 by filing a Claim for a Civil Case (Doc. No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 2) that the Court construed as a Motion to Proceed In Forma Pauperis ("Motion"). On the same date, the Court entered an Order (Doc. No. 3) denying the Motion without prejudice because it did not provide the financial information

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

necessary for the Court to determine whether Plaintiff should be permitted to proceed in forma pauperis. See Feb. 10, 2020 Order at 1-2. The undersigned also advised Plaintiff that his proposal to pay the filing fee in silver was inadequate to meet the filing fee requirement. Id. at 2. Plaintiff was directed to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) no later than March 10, 2020. Id. As an alternative to filing the Application, Plaintiff was directed pay the $400.00 filing fee by March 10, 2020. Id. On March 3, 2020, Plaintiff filed the Amended Motion.

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

Here, the Amended Motion is incomplete and says nothing about Plaintiff's financial resources. Plaintiff claims that pursuant to the Fourth Amendment, he "is not obligated to disclose information about his financial resources due to privacy rights." Amended Motion at Exhibit A (Doc. No. 5-1) at 2. Plaintiff states that his "intentions were and continue to be, are to [sic] make a counter[offer] to pay the fee in the sum of one Troy Ounce of .9999 silver Coin." Id. According to Plaintiff, "it is unconstitutional for any governmental Federal Agency to require or ask any natural person to pay any fee in anything other than gold or silver coin which is lawful money[ ]." Id. at 3.

Upon review of the Amended Motion and its attached exhibits, the undersigned finds that the Amended Motion is due to be denied and the case dismissed. Like Plaintiff's prior Motion, the Amended Motion does not provide the financial information necessary for the Court to determine whether Plaintiff should be permitted to proceed in forma pauperis. Further, Plaintiff's "counter[offer]" is wholly inadequate to meet the filing fee requirement, and Plaintiff's assertions are baseless and meritless.

Accordingly, it is

**RECOMMENDED**:

1. That the Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 5), that the Court construes as an Amended Motion to Proceed In Forma Pauperis, be **DENIED**.

2. That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

3. That the Clerk of Court be directed to terminate all pending motions and close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on March 4, 2020.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Harvey E. Schlesinger
United States District Judge

Pro Se Party